IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL C. SMART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-09-CV-101-KC |
| | § | |
| ERIC HOLDER, U.S. Attorney General, et. al, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendants' "Motion to Dismiss" ("Motion") (Doc. No. 16).[1] For the reasons set forth herein, Defendants' Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Michael C. Smart ("Plaintiff"), a former employee of the Department of the Army, filed suit against the Secretary of the Army in this Court, alleging claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See Smart v. Geren*, No. 08-50448, 2008 U.S. App. LEXIS 24995, at *1-2 (5th Cir. Dec. 10, 2008). In lieu of an answer, the Secretary filed a Motion for Summary Judgment. *See* Def.'s Mot. for Summ. J. ("Summary Judgment Motion") (Doc. No. 18). The Court granted Defendant's Summary

---

[1] On July 24, 2009, Plaintiff Michael C. Smart filed "Plaintiff['s] Motion to Strike Defendants' Motion to Dismiss" ("Motion to Strike") (Doc. No. 22), seeking to strike Defendants' Motion on the ground that Defendants' attorney's involvement in this case violates the Posse Comitatus Act, 18 U.S.C. § 1385. *See* Mot. to Strike 2. For the reasons discussed in the portion of this Order addressing the Posse Comitatus Act, Plaintiff's Motion to Strike is **DENIED**.

Judgment Motion. *Smart*, 2008 U.S. App. LEXIS 24995, at *1. Plaintiff appealed, and the Fifth Circuit affirmed, finding no error in this Court's decision. *See id.*

On June 16, 2009, Plaintiff filed his pro se "Amend[ed] Complaint" (Doc. No. 14) in this Court, naming as defendants Eric Holder, United States Attorney General, in his official capacity; John E. Murphy, Acting United States Attorney for the Western District of Texas, in his official capacity; and Katherine Lehmann, the United States Attorney representing the Secretary of the Army in Plaintiff's employment discrimination case, in her individual capacity (collectively "Defendants"). Am. Compl. 1; *see also* Pl.'s Opp'n to Defs.' Mot. to Dismiss [] Pl.' Am. Compl. 1 (clarifying which Defendants are named in their individual or official capacity).[2] Plaintiff alleges that, on March 6, 2008, Plaintiff attempted to send a motion related to his employment discrimination case via fax from a Texas Workforce Commission unemployment office but was told by the office manager that he could not use the fax machine for this purpose. Am. Compl. ¶ 8. According to Plaintiff, the manager stated that Defendant Katherine Lehmann told the manager that "she was looking for [P]laintiff [and] started asking [the manager] questions about federal grant moneys [the office] receives to operate and why [the office] was allowing [P]laintiff to use [its] resources to sue the federal government." *Id.* After this incident, the office "issue[d] a policy memorandum notifying individual[s] [that its] resource[s] could only be use[d] for work [purposes]. . . ." *Id.*

Plaintiff's Complaint alleges that Ms. Lehmann's actions constituted unconstitutional retaliation for Plaintiff's exercising his First Amendment rights; that Ms. Lehmann's actions violated Plaintiff's constitutional right to court access; that Ms. Lehmann's actions violated

---

[2] Because Plaintiff proceeds pro se, the Court will consider the arguments Plaintiff raises in response to Defendants' Motion as part of Plaintiff's Complaint. *See, e.g., Jacquez v. Procunier*, 801 F.2d 789, 790-92 (5th Cir. 1986).

Plaintiff's due process rights by "intruding in[to] [P]laintiff['s] personal and private matter[s]"; and that Defendants Holder and Murphy violated Plaintiff's due process rights by allowing Ms. Lehmann to represent the Secretary of the Army while also having a position with the United States Army. *Id.* at 5-7.

On June 29, 2009, Defendants filed their Motion, arguing that the Court lacks jurisdiction and, alternatively, that Plaintiff has failed to state a claim upon which relief may be granted. *See* Mot. 1. On July 7, 2009, Plaintiff filed "Plaintiff's Opposition to Defendants' Motion to Dismiss the Plaintiff's Amended Complaint" ("Response") (Doc. No. 17). On July 21, 2009, Defendants filed "Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss" ("Reply") (Doc. No. 19), and on August 4, 2009, Plaintiff filed "Plaintiff['s] Reply to Defendants' Reply (Doc. No. 19)" ("Sur-Reply") (Doc. No. 25).

## II. DISCUSSION

### A. Standard

#### a. Lack of Jurisdiction

Subject-matter jurisdiction is "the authority of the court to adjudicate the type of controversy involved in the action." *Carlisle v. United States*, 517 U.S. 416, 434-35 (1996) (Ginsburg, J., concurring) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982)). "The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation omitted). Because jurisdiction "is mandatory for an action in federal court," a case must be dismissed if jurisdiction is lacking. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); *see also* FED. R. CIV. P. 12(h)(3).

b. **Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)*; Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("But a court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

Though a complaint need not contain "detailed" factual allegations, still the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 569. Nevertheless, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

c. **Plaintiff's Pro Se Status**

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient . . . ." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

"If dismissal of a pro se complaint is warranted, it should be without prejudice to allow [the plaintiff] to file an amended complaint." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1981). "At the same time, if the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Thus, a court may dismiss a pro se complaint with prejudice when the plaintiff "is fully apprised of [the] complaint's potential insufficiency and given opportunity to correct any insufficiencies." *See Dark v. Potter*, 293 Fed. App'x 254, 257-58 (5th Cir. 2008) (unpublished) (citing, inter alia, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez*, 801 F.2d at 790-92)).

For example, the complaint in *Jacquez* was dismissed with prejudice when the plaintiff – like Plaintiff here – "respond[ed] specifically to the defendants' objection [to] the complaint" and "engage[d] in extensive repleading of the 'facts' and law he [thought] relevant." *Jacquez*, 801 F.2d at 792. Because Plaintiff's Amended Complaint is supplemented by an ten-page Response and a nine-page Sur-Reply, each of which responds to Defendants' Motion and then specifically re-pleads the allegations in the Complaint, *see* Resp. 4-10; Sur-Reply 3-9, the Court will consider the totality of Plaintiff's filings with the Court as Plaintiff's "best case." *See Jacquez*, 801 F.2d at 792-93.

B. Analysis

a. Claims Against Defendants Eric Holder and John E. Murphy

Plaintiff proceeds against Defendants Holder and Murphy in their official capacity. If a government agent is sued in the agent's official capacity, the suit is in fact one against the government. *See Southern Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. 1981) (citing *Unimex, Inc. v. United States*, 594 F.2d 1060, 1061 (5th Cir. 1979)). Therefore, the presumption of sovereign immunity applies as it would in a suit against the United States. *See Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976).[3]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (footnote omitted). "Under [this] principle of sovereign immunity, the United States may not be sued except to the extent it consents by statute; any waiver of immunity must be *unequivocally expressed*, with all uncertainties being resolved in favor of the government." *Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998) (citations omitted) (emphasis in original). Further, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued."

---

[3] Plaintiff has no "overlapping cause of action" against Defendants Holder and Murphy in their individual capacity. *See Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). "[P]laintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (citing *Elliott v. Perez*, 751 F.2d 1462 (5th Cir. 1985); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)). Plaintiff concedes that Defendants Holder and Murphy were not in office while the facts giving rise to this case occurred, and therefore could not have engaged in unconstitutional conduct relevant to Plaintiff's claims. *See* Resp. 3.

*Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002) (quoting *Koehler v. United States*, 153 F.3d 263, 265-66 (5th Cir. 1988)).

Plaintiff's only claim against Defendants Holder and Murphy is that they violated Plaintiff's due process rights by allowing Defendant Lehmann to represent the Secretary of the Army while serving as an active-duty military officer. The Federal Tort Claims Act ("FTCA") provides a remedy against the United States for tort claims resulting from negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2671-2680. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances," though it is not liable for pre-judgment interest or punitive damages. 28 U.S.C. § 2674. However, "the United States simply has not rendered itself liable [under the FTCA] for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). To prevail on a constitutional claim against the United States, a plaintiff must state a theory of liability under state law. *See Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981) ("Because [the plaintiff] has cited no theory, constitutional or otherwise, on which Texas would impose liability . . . we dismiss [the plaintiff's] constitutional claims as not sanctioned by the [FTCA]"). Because Plaintiff does not allege a theory of liability under state law, and the Court can discern no available theory, Plaintiff's claims against Defendants Holder and Murphy are barred by sovereign immunity.

The statutes Plaintiff alleges Defendants violated – the Posse Comitatus Act, 18 U.S.C. § 1385; and a federal conflict-of-interest statute, 18 U.S.C. § 205(a)(2) – also do not express a waiver of sovereign immunity. *See* Resp. 7-8. Moreover, neither statute is applicable to Plaintiff. The Posse Commitatus Act is a "criminal statute [that] does not provide a private right

of action." *Kervin v. City of New Orleans*, No. 06-3231, 2006 WL 2849861, at *3 (E.D. La. Sep. 28, 2006) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 465 n.21 (W.D. Tex 1999); *Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982)). The Act is also inapplicable because it does not limit the Attorney General's power to appoint active-duty military members as Special Assistant United States Attorneys. *See United States v. Allred*, 867 F.2d 856, 871 (5th Cir. 1989). Section 205, a "criminal conflict-of-interest statute . . . under which a federal employee may not act as an agent or attorney for a private party in any 'particular matter' in which the United States has an interest," is similarly inapplicable to Plaintiff's civil claims. *Van Ee v. EPA*, 202 F.3d 296, 298 (D.C. Cir. 2000) (citation omitted). Thus, the Posse Comitatus Act and § 205(a)(2) do not provide Plaintiff with an available avenue of relief against Defendants Holder and Murphy.

Finally, Plaintiff states that the Court may hear Plaintiff's claims against Defendants Holder and Murphy in their official capacity under the federal-question statute, 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Sur-Reply 2. Neither statute operates as a waiver of sovereign immunity. "Section 1331's broad provision of federal question jurisdiction . . . does not constitute a waiver of sovereign immunity," *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987) (citing *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982)), and "the Declaratory Judgment Act . . . does not grant any consent of the United States to be sued," *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956) (citations omitted). Accordingly, even when liberally construed, Plaintiff's claims against Defendants Holder and Murphy are barred by sovereign immunity, and the Court lacks jurisdiction to hear those claims.[4]

---

[4] Plaintiff also cites the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.* ("APA"), as granting jurisdiction over his Complaint, and names the United States Department of Justice as a Defendant. *See* Am. Compl. 1; Resp. 2. Under the APA, "[a] person suffering legal wrong because of agency action, or

### b. Claims Against Defendant Katherine Lehmann

Plaintiff proceeds against Defendant Lehmann in her individual capacity. Under *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971), a plaintiff may bring suit against a federal officer or agent for violation of his constitutional rights. *Bivens*, 403 U.S. at 392-97. The Court will consider Plaintiff's claims against Defendant Lehmann in turn.

### i. Retaliation

Plaintiff alleges that Ms. Lehmann contacted the unemployment office in retaliation for Plaintiff's exercising his First Amendment rights. Am. Compl. 5. "The First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002) (citing *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999)). "To establish a First Amendment retaliation claim . . . a plaintiff must show (1) that he engaged in constitutionally protected activity, (2) that the defendant's actions caused 'an injury that would chill a person of ordinary firmness from continuing to engage in that activity,' and (3) that the actions complained of were 'substantially motivated' by the plaintiff's protected activity." *Dickinson Leisure Indus., Inc. v. City of Dickinson*, 329 F. Supp. 2d 835, 847 (S.D. Tex. 2004) (quoting *Keenan*, 290 F.3d at 258). Plaintiff cannot establish the second factor.

Even if Ms. Lehmann's actions were substantially motivated by Plaintiff's protected activity, her actions would not chill a person of ordinary firmness. "[S]ome retaliatory actions –

---

adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, Plaintiff's Complaint does not identify any agency action by which Plaintiff was affected. *See* 5 U.S.C. § 551(13) ("'[A]gency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act . . . ."). Thus, Plaintiff does not state a claim under the APA.

even if they actually have the effect of chilling the plaintiff's speech – are too trivial or minor to be actionable as a violation of the First Amendment." *Keenan*, 290 F.3d at 258 (footnote omitted). "Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights . . . ." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000) (collecting cases) (citing, inter alia, *Colson*, 174 F.3d at 512). "[T]he Supreme Court has never found a government abridgement of First Amendment rights in the absence of some actual or threatened imposition of governmental power or sanction." *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1015 (D.C. Cir. 1991) (citations omitted).

"*Colson*, for example, involved a city council member who alleged that the police chief and other city officials had retaliated against her because of her criticism of the police department's budget." *Keenan*, 290 F.2d at 258-59 (citing *Colson*, 174 F.3d at 511-14). Because the "alleged actions constituted, at most, a 'steady stream of false accusations and vehement criticism,'" the Fifth Circuit held that the plaintiff's claim was not actionable. *Id.* Similarly, in *Hammerhead Enters., Inc. v. Brezenoff*, 707 F.3d 33 (2d Cir. 1983), the Second Circuit held that a public official who sent letters to stores requesting that they refrain from selling a controversial board game did not violate the game manufacturer's First Amendment rights because the official did not have the power to compel the stores and gave no indication that "some form of punishment or adverse regulatory action will follow." *Brezenoff*, 707 F.3d at 38-39.

Taking Plaintiffs facts as true, and construing his Amended Complaint liberally, Ms. Lehmann's phone conversation with the unemployment office manager constituted, at most, an implicit criticism of the manager allowing Plaintiff to use the office's resources to litigate against

the Secretary of the Army.[5]  Ms. Lehmann took no adverse action against Plaintiff and threatened no adverse action against Plaintiff.  Accordingly, taking Plaintiff's allegations as true, Ms. Lehmann's alleged retaliatory action was "too trivial or minor to be actionable as a violation of the First Amendment."  *Keenan*, 290 F.3d at 258 (footnote omitted).

### ii. Access to the Court

Plaintiff argues that Ms. Lehmann's actions prevented him from exercising his constitutionally-protected right to court access.  "The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution."  *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir. 1983) (stating that right is based on Privileges and Immunities Clause, First Amendment, and Due Process Clause).  However, "the right of access is 'a facilitative right . . . designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the appropriate court and, if that claim is meritorious, to have court the make a determination to that effect and order the appropriate relief.'"  *Foster v. City of Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (quoting *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989)).  In *Foster*, the Fifth Circuit characterized the right as "implicated where the ability to file suit was delayed, or blocked altogether."  *Id.* at 430.  In a footnote, the *Foster* court specifically declined to extend the right of access "beyond one encompassing the right to institute suit."  *Id.* at 430 n.7 (citations omitted).

---

[5] Plaintiff argues that Ms. Lehmann's statements gave the manager "the impression" that if Plaintiff continued "to be allowed to use [the office] resources to sue the federal government the [office would] no longer get federal grant monies to operate."  Resp. 5.  However, Plaintiff twice states that the Ms. Lehmann merely asked whether the office receives federal grant money.  *See* Compl. 3; Sur-Reply 5.  Plaintiff's conclusion that the manager was led to believe that Ms. Lehmann had the power to withhold federal grant money from the office and was threatening to imminently exercise such power is an "unwarranted factual inference[]" which the Court will not accept.  *See Plotkin*, 407 F.3d at 696.

The Fifth Circuit has not extended the contours of that right since. *See, e.g., Perales v. Supreme Court of Tex.*, 140 F.3d 1039, 1039 (5th Cir. 1998) (unpublished); *LaBarbara v. Angel*, 95 F. Supp. 2d 656, 665 (E.D. Tex. 2000). Plaintiff successfully instituted both his employment discrimination complaint and his Amended Complaint in this case, and his ability to file both suits was not blocked by Ms. Lehmann's phone call. Accordingly, Plaintiff's right to court access was not implicated, and his claim that Ms. Lehmann deprived Plaintiff of this right fails.

### iii. Other claims

Plaintiff finally argues that because Ms. Lehmann's position as an Assistant United States Attorney "violat[es] the Posse Comitatus Act . . . [her] inqui[ry] into [P]laintiff[s] personal matter[s] is a deprivation of [P]laintiff['s] constitutional right to be free from unwarranted government intrusion [in]to [P]laintiff['s] personal life." Compl. 6-7. Plaintiff later recharacterizes this claim as alleging that Ms. Lehmann violated Plaintiff's "[Fourth] Amendment right by unjustifiable intrusion into [P]laintiff['s] privacy." Sur-Reply 6. As explained *supra*, the Posse Comitatus Act does not provide a private right of action and is inapplicable to Ms. Lehmann.

Construing Plaintiff's pleadings liberally, the Court considers Plaintiff's claim as alleging that Ms. Lehmann's actions deprived Plaintiff of his constitutionally-protected right to privacy. *See, e.g.*, *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 486 (1975) (discussing development of right-to-privacy doctrine protecting individuals from unlawful government intrusion). "This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing." *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 66 (1973). It does not encompass the right to conduct litigation from an unemployment office free

from anticipated phone calls from an opposing attorney to the office manager.  Plaintiff's right-to-privacy claim fails.

## II. CONCLUSION

Plaintiff's claims against Defendants Holder and Murphy are barred by the doctrine of sovereign immunity, and the Court therefore lacks jurisdiction over those claims.  Because Defendant Lehmann's alleged conduct would not chill a person of ordinary firmness, did not deprive Plaintiff of his right to court access, and did not implicate Plaintiff's right to privacy, Plaintiff fails to state a claim against Defendant Lehmann upon which relief can be granted.  Accordingly, Defendants' "Motion to Dismiss" (Doc. No. 16) is GRANTED, "Plaintiff['s] Motion to Strike Defendants' Motion to Dismiss" (Doc. No. 22) is DENIED, and Plaintiff's claims are hereby DISMISSED.  Defendants' "Motion to Stay" (Doc. No. 26) is DENIED AS MOOT.

**THE CLERK SHALL CLOSE THE CASE.**

**SO ORDERED.**

**SIGNED** on this 12th day of August, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE